United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41783
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADOLFO CARMON-NIEVES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-381-ALL
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Adolfo Carmon-Nieves (Carmon) challenges his guilty-plea
conviction and 27-month sentence for illegal reentry.  Carmon
contends that the "felony" and "aggravated felony" provisions of
8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of
Apprendi v. New Jersey, 530 U.S. 466 (2000).

Carmon's constitutional challenge is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Carmon contends that Almendarez-Torres was incorrectly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Carmon properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.